Grace J. PATE, Plaintiff,

v.

Margaret T. HAIR, Fred N. Sigman, Jr., Guardian ad Litem of Eugene Hair, minor, and William C. Moore, Guardian ad Litem of Doy R. Humphrey, minor, Defendants.

Civ. No. 2051.

United States District Court
W. D. North Carolina,
Asheville Division.

Aug. 13, 1962.

Uzzell & DuMont, William E. Greene, Asheville, N. C., for plaintiff.

Williams, Williams & Morris, Asheville, N. C., for defendants.

WARLICK, Chief Judge.

Plaintiff, a citizen of Tennessee, seeks to recover for personal injuries received from an automobile collision alleged to have resulted from the negligence of the defendants who are citizens of Cumberland County in the Eastern District of North Carolina. Jurisdiction is obtained through diversity under Sec. 1332, Title 28 U.S.C. The amount sought as a recovery is $25,000. A jury trial was waived and the matter was heard by the Court under Rule 52, 28 U.S.C.

On Sunday morning, June 19, 1960, plaintiff was travelling easterly on U. S. Highway 74, enroute to the home of her mother in Cliffside in Rutherford County, so that she might be with the family on Father's Day. She was driving a 1956 De Soto, the property of her employer, having left Johnson City, Tennessee earlier that morning. Around 6:00 o'clock, when she was approximately three or four miles from Rutherfordton, she overtook a white convertible Pontiac which was following a tractor-trailer truck, and on reaching a long, straight stretch of highway, after having followed the preceding two vehicles a considerable distance, and observing that she could safely pass, blew her horn and undertook to pass the two vehicles. At or about the time when the front of her automobile was more or less in line with the front of the Pontiac, the driver of said automobile, without giving any notice whatsoever, turned abruptly to the left, striking plaintiff's car and forcing plaintiff onto the left shoulder of the highway. In her effort to cut back onto the highway she evidently lost control of her vehicle and it careened across and off the highway on the right side down a steep embankment and came to a full stop after hitting a tree at the bottom of the fill. It was completely demolished.

The white convertible Pontiac was occupied by three people, two on the front

456

seat and one on the back. The left front fender of the defendant's car hit the right bumper of plaintiff's car. Plaintiff's right arm was broken in two places and she received other serious and painful injuries.

The defendant's Pontiac proceeded easterly on said highway past the tractor trailer truck, the driver of which stopped as soon as possible, and about ten minutes thereafter the defendants were observed to have returned to the scene and passed the wreck slowly at which time the driver of the truck was able to secure its license number. Previously he had been able, as the car passed his truck, following his observance of the accident through the rear mirror, to have obtained a part of the number, which he set down on a cigarette case as N. C. LL, indicating the automobile was registered in the Cumberland County area. He then saw that the license number was NC LL 332.

The Pontiac at the time of the collision was very dirty, was painted white and had a red stripe around its body. It belonged to the defendant Margaret T. Hair, the mother of Eugene Hair, who was given permission by her to drive the car on this trip.

Following the investigation of the collision a member of the North Carolina Highway Patrol alerted the law enforcing officers of the area by radio and other means and shortly before noon of the same day the Pontiac automobile with its three occupants was observed in Morganton in Burke County, North Carolina. Its occupants were taken into custody and the automobile seized. It had been washed and virtually all of the evidences of a collision had been removed but there yet remained several scratches, indicating that the bumper had been in a collision. An investigation disclosed that white paint was found on a part of the chrome grillwork of the De Soto and that when this part of the grill was shown to the defendant Eugene Hair, that he replied, "We didn't tear it up that bad, did we?"

Later the defendants were indicted for certain violations of the Motor Vehicles law, stemming from this collision, and on their trial in the Superior Court of Rutherford County where they were represented by Mr. J. A. West, a very reputable attorney of Shelby, North Carolina, who was employed by them, the defendants Eugene Hair and Doy R. Humphrey pleaded guilty and each was sentenced to a term of imprisonment, suspended however when they were placed on probation and were ordered to pay fines and costs totalling $202.00 each.

The defendants contended among other things that they were not involved in the alleged collision; that the automobile being operated by them was at no time near the scene until they later passed it travelling west enroute from their home in Fayetteville to visit a relative in Black Mountain. That the automobile was not washed on that day and that they were compelled among other things, to enter the plea in the Superior Court of Rutherford County by their attorney, and though this plea was to a lesser offense they protested but finally agreed on their attorney's advice.

In hearing this testimony as offered by the defendants I came to the conclusion that it was entirely inconsistent with the facts as testified to by the disinterested witnesses, and that it was nothing more nor less than a callous effort originating in the minds of the young defendants to free themselves if possible from a situation of their own making,—and frankly I gave it little credence. But for the action of the truck driver in stopping his truck and returning to the scene, plaintiff probably would have died and the truth of this matter would never have been known.

The plaintiff in undertaking to pass the Pontiac automobile of the defendants and the tractor trailer truck which it was following on this straight stretch of highway gave audible warning with her horn all as is required by the North Carolina General Statutes, § 20-149, and when the driver of the defendant's car, having been given notice of plaintiff's intent to pass, failed to give way to the right in favor of plaintiff's overtaking vehicle, he thereby breached

N.C.G.S., § 20–151, and thus proximately brought about and caused the injury suffered by plaintiff.

 Plaintiff was forced to expend as a result of the injuries suffered and sustained considerable monies for hospital treatment and other attentions, all of which aggregated more than $500.00. In addition thereto she was unable to work for approximately four or five months, and at the time of the trial was unable to open her right hand sufficiently to enable her to perform her duties as a waitress, a position which she follows as the means of earning her livelihood.

I conclude therefore that plaintiff was injured as a proximate cause of the negligence of the defendants and that she should have and recover of the defendants as full compensation the sum of $6,000.00 (Six thousand dollars).